# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **CRIMINAL NO. 14-0015-WS** |
| | ) | |
| **CHARLES ALVIN HUGHES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

This matter comes before the Court on the Government's Unopposed Motion to Amend Restitution Order (doc. 26).

On June 18, 2014, the undersigned entered a Judgment (doc. 23) against defendant, Charles Alvin Hughes, who had pleaded guilty to one count of mail fraud, in violation of 18 U.S.C. § 1341. The Judgment included an order of restitution, pursuant to which Hughes was ordered to pay restitution to the victim, the Deepwater Horizon Oil Spill Trust, in the amount of $34,800.00. The Judgment also set forth a schedule of payments, pursuant to which Hughes was ordered to pay restitution in monthly installments of $250.00, beginning 30 days after entry of Judgment. Now, more than a year later, the Government requests that the Judgment be amended to reflect that Hughes' restitution obligations are joint and several with Chrystal Lani Kitt, Criminal Number 14-0088-KD. Hughes' counsel does not oppose the request.

Upon initial review of the Motion, the undersigned observed that the Government had identified no statute or rule that might empower the Court to modify the restitution portion of Hughes' sentence under these circumstances. *See generally Cani v. United States*, 331 F.3d 1210, 1214-15 (11th Cir. 2003) (observing that "the benefits of a prompt, binding restitution calculation on which the victim(s), the defendant and the court can rely are significant" and that "limiting restitution challenges to sentencing proceedings and direct appeal also serves the equally significant goal of judicial economy"). To be sure, the Mandatory Victims Restitution Act ("MVRA") outlines certain circumstances under which a restitution order may be modified after the fact. *See* 18 U.S.C. §§ 3664(d)(5), (k), (o). But the Government's Motion cited none of those statutory provisions. More worrisome still, none of those circumstances appear to be

present here, and federal courts have not permitted modification of restitution orders outside the narrow parameters authorized by the MVRA.[1]  In light of these concerns, the Court entered a Show Cause Order (doc. 27) directing the Government to identify the provision(s) that might authorize the requested judicial action.

In response (doc. 28), the Government relies exclusively on 18 U.S.C. § 3664(k), which provides that a court may modify a restitution order based on "any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution." *Id.*  The Government is trying to fit a square peg into a round hole.[2]  There is no evidence that Hughes' economic circumstances have changed at all.  The Court has no information and no reason to believe that Hughes' financial resources, earnings capacity and the like are any different now than they were when sentence was rendered.  For aught the record shows, Hughes is no more and no less able to make his scheduled $250.00 monthly restitution payments now than he was at the time of his sentencing hearing in June 2014.  Even if he were, the only changes that § 3664(k) authorizes on its face are that the district court may "adjust the payment schedule, or require immediate payment in full."  *Id.*  The Government requests neither, and cites no authority in which § 3664(k) has ever been construed to allow a previously issued restitution order to be made joint and several as against another defendant in another case.

---

[1]     *See United States v. Wyss*, 744 F.3d 1214, 1219 (10th Cir. 2014) ("Nothing in the MVRA authorized the court three years post sentencing to reduce the amount of restitution Defendant owed DPS simply because the court believed the parties got it wrong in the plea agreement.  Much of § 3664(o) would be rendered meaningless if a court, at any time during a defendant's period of probation, could in the 'interests of justice' reduce restitution previously ordered."); *United States v. Banks*, 62 F. Supp.2d 125, 131-33 (D.D.C. 2014) ("the Court joins the several courts to have considered the issue, and holds that because none of the circumstances listed in section 3664(o) applies here, this Court lacks authority to modify Banks's restitution order," even when that conclusion yields "an unsatisfactory result" by preventing a court from correcting a restitution order in the interests of justice, because "this Court is bound to apply the law").

[2]     The Court understands why the Government chose to rely on § 3664(k), as it appears to furnish the only available mechanism in the MVRA statutory scheme by which a district court may provide relief to a defendant from a restitution order previously entered.  *See Wyss*, 744 F.3d at 1219 ("Only in one respect [material change in defendant's economic circumstances] does the MVRA permit a district court to mitigate the impact an order of restitution initially might have on a defendant responsible for the full amount of loss.").

For all of the foregoing reasons, this Court lacks authority to modify Hughes' restitution order in the manner requested.  Accordingly, the Motion to Amend Restitution Order (doc. 26) must be, and is, **denied**.

DONE and ORDERED this 10th day of July, 2015.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE